IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Taylor,                                  ) | C/A No.: 3:24-cv-3869-JDA-SVH |
| ) | |
| Plaintiff,                        ) | |
| ) | |
| vs.                                              ) | REPORT AND |
| ) | RECOMMENDATION |
| Dr. Jennifer Alleyne, Barbara          ) | |
| Kelly, Davis Rowell, Mental            ) | |
| Health Commission, Elliot Levi,        ) | |
| Carl Edison Jones, L. Gregory          ) | |
| Pearce, Jr., Bob Hictt, Bobby H.       ) | |
| Mara, Jr., Crystal A. Maxwell,         ) | |
| Robert L. Bank, and Dr. Mical          ) | |
| Cross,                                 ) | |
| ) | |
| Defendants.                      ) | |
| ) | |

Matthew Taylor ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983 against Dr. Jennifer Alleyne ("Dr. Alleyne"), Barbara Kelly ("Ms. Kelly"), Davis Rowell ("Mr. Rowell"), Mental Health Commission, Elliot Levi, Carl Edison Jones, L. Gregory Pearce, Jr., Bob Hictt, Bobby H. Mara, Jr., Crystal A. Maxwell, Robert L. Bank, and Dr. Mical Cross ("Dr. Cross") ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the complaint without prejudice and without leave for further

amendment.

I.   Factual and Procedural Background

Plaintiff is a patient at Well Path Recovery Solutions. [ECF No. 1 at 5]. He indicates the actions giving rise to his claim occurred at NGRI Outreach Clinic on June 5. [ECF No. 1 at 9]. He alleges he was sexually harassed by an attendant during his drug test because the attendant entered the bathroom with him, locked the door, and asked him to disrobe. *Id.* He claims Mr. Rowell and Ms. Kelly proceeded with a probationary meeting, despite his pleas for help "[i]n order to keep the situation quiet." *Id.*

Plaintiff further alleges "in a petty attempt at revenge," officers arrested him, even though he had committed no crime. *Id.* He states he was stripped naked, but no contraband was found. *Id.* He claims Dr. Alleyne forcefully took his keys and searched his car, where nothing was found. *Id.* He asserts "in an attempt to cover up the situation, [he] was charged with cooking utensils." *Id.* He maintains he had purchased culinary attire and utensils as instructed by Greenville Technical College, where he was scheduled to start classes soon. *Id.* He states he informed Dr. Cross of this information, but Dr. Cross informed him he would not be granted a hearing to plead his case. *Id.* at 10–11.

On July 30, 2024, the court issued a proper form order advising Plaintiff that he had failed to properly complete documents required for service of process and permitting him until August 20, 2024, to complete a summons

form and forms USM-285 for each defendant. [ECF No. 6]. The order warned: "If Plaintiff does not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." *Id.* at 1.

In addition, the undersigned issued an order and notice advising Plaintiff his complaint was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because he had not satisfied the minimal pleading requirements in Fed. R. Civ. P. 8(a), had failed to include allegations against most of the defendants, and had made only conclusory allegations against the other defendants. [ECF No. 7]. The order and notice permitted Plaintiff until August 20, 2024, to file an amended complaint and warned: "If Plaintiff fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment." *Id.* at 5–6.

A review of the docket reveals Plaintiff has not filed an amended complaint or provided documents required for service of process. It further indicates that no mail sent to Plaintiff's address of record has been returned to the court. Thus, it appears Plaintiff received and failed to respond to the court's prior orders.

It is well established that a district court has authority to dismiss a case

for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's July 30, 2024 orders, the undersigned concludes he does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

August 29, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).